**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GORDON LLOYD SCHOPPER,

        Petitioner,               Case Number: 06-CV-13974

v.                                   HONORABLE VICTORIA A. ROBERTS

GERALD HOFBAUER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

Petitioner Gordon Lloyd Schopper has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Marquette Branch Prison, in Marquette, Michigan, pursuant to convictions for assault with intent to murder, and possession of a firearm during the commission of a felony. Respondent filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

### I. Background

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of assault with intent to murder and possession of a firearm during the commission of a felony. Petitioner then pleaded guilty to being a second habitual offender. On April 10, 1990, he was sentenced to 18 to 40 years imprisonment for the assault conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court

of Appeals affirmed his convictions. People v. Schopper, No. 128285 (Mich. Ct. App. Apr. 20, 1994). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal. People v. Schopper, No. 99597 (Mich. Nov. 30, 1994).

On September 28, 1996, Petitioner filed a motion for relief from judgment in the trial court. He filed a subsequent motion for relief from judgment on May 1, 1998. The motions were denied on June 8, 1998. People v. Schopper, No. 89-094948 (Oakland County Circuit Court June 8, 1998).

On June 17, 2005, Petitioner filed another motion for relief from judgment. That motion was dismissed without prejudice for failing to conform the motion to court rules. *See* People v. Schopper, No. 89-094948, slip op. at p. 2 (Oakland County Circuit Court March 16, 2006). Petitioner then filed another motion for relief from judgment, which was denied because it was a successive motion for relief from judgment. *See* id. Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment to the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application for lack of jurisdiction because a defendant cannot appeal the denial of a successive motion for relief from judgment. People v. Schopper, No. 274560 (Mich. Ct. App. Dec. 13, 2006). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, dated March 1, 2007.

Petitioner filed the pending petition for a writ of habeas corpus on August 30, 2006.

## II. Discussion

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

2

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Although Petitioner challenges a conviction rendered before 1996, the one-year statute of limitations applies to his petition because the petition was filed after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336-37 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, the Michigan Supreme Court, on direct review, denied Petitioner's application for leave to appeal on November 30, 1994. People v. Schopper, No. 99597 (Mich. Nov. 30, 1994). Petitioner's conviction became final ninety days later, on February 28, 1995, when the time during which Petitioner could have filed a petition for certiorari in the United States Supreme Court expired.

Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996.

Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by April 24, 1997, to comply with the one-year limitations period. Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment on September 28, 1996. The filing of that motion for relief from judgment tolled the limitations period with 208 days remaining.

The trial court denied the motion for relief from judgment (and a subsequently filed motion for relief from judgment) on June 8, 1998. People v. Schopper, No. 89-094948 (Oakland County Circuit Court June 8, 1998). Petitioner's collateral review motion remained pending during the one-year period in which Petitioner could have filed a delayed application for leave to appeal in the Michigan Court of Appeals. See Mich. Ct. R. 7.205(F). Because Petitioner did not appeal to the court of appeals, no judgment of that court existed from which he could seek further review in the Michigan Supreme Court. See United States v. Cottage, 307 F.3d 494, 499 (6th Cir.2002). Furthermore, the statute is not tolled during the time that a Petitioner petitions, or could petition, for writ of certiorari in the United Stated Supreme Court. Lawrence v. Florida, ___ U.S. ___, 127 S.Ct. 1079, 1083, (2007). Accordingly, Petitioner's motion remained pending until June 8, 1999, one year after the trial court denied his motion.

Petitioner had 208 days remaining, until January 2, 2000, in which to file his habeas petition. Petitioner filed another motion for relief from judgment on June 17, 2005, and did not file his habeas petition until August 30, 2006. The filing of the motion for relief from judgment did not toll the limitations period because it was filed over five years after the limitations period already had expired. Additionally, Petitioner's filing of his habeas corpus petition did not equitably toll the limitations period because it was also filed after the limitations period had

expired.

Petitioner has failed to allege any circumstances which would warrant equitable tolling of the limitations period. Accordingly, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

### III.  Conclusion

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Further, the Court concludes that Petitioner has failed to establish that he is entitled to equitable tolling of the limitations period.

Accordingly, **IT IS ORDERED** that the Respondent's Motion to Dismiss for Failure to Comply With the Statute of Limitations is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 30, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 30, 2007.

s/Carol A. Pinegar
Deputy Clerk